UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR.,

    Plaintiff,

v.                                  Case No.:  2:21-cv-811-SPC-NPM

CONNOR CASCIO, SAMANTHA
CASCIO, RAYMOND R. STOBEL
and ZACHARY GILL,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are Motions to Dismiss filed by Defendants (Judge) Zachary Gill (Doc. 27), Raymond Stobel (Doc. 31), and Connor and Samantha Cascio (pro se) (Doc. 37).  Plaintiff Noel Clark (pro se) responded to Stobel's Motion (Doc. 43); he moved to strike the Cascios' Motion (Doc. 45); and—despite two extensions of time—Clark never responded to Gill's Motion.  The Court grants Defendants' Motions and denies Clark's.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Before explaining why, however, the Court notes Clark misspelled Gill and Connor Cascio's first names. (Docs. 27 at 1 n.1; 37 at 1 n.1). To save time and resources, the Court directs the Clerk to correct the docket. *See Sanders v. Pierson*, No. 19-cv-60607-BLOOM/Reid, 2020 WL 3895131, at *1 (S.D. Fla. July 10, 2020) (permitting amendment by interlineation to correct simple misspelling). Going forward, Clark must use the correct spellings.

## BACKGROUND[2]

This case started with a tenancy dispute. Clark leased property to the Cascios (the "Property"). As part of the lease, Clark reserved the use of a shop next to the Property (the "Shop"). After their lease ended, the Cascios refused to leave. And they continue to occupy the Property.

One day, Clark went to store some things at the Shop. But the Cascios blocked his access. Someone eventually called the police. Stobel, a Lee County Sheriff's deputy, responded and spoke with the others. Ultimately, Stobel turned Clark away from the Property. In doing so, Clark says Stobel engaged in the unlicensed practice of law ("UPL") by giving legal advice, as well as acting as a judge in resolving the tenancy dispute.

---

[2] These are the facts alleged in the operative Complaint (Doc. 26). As it must, the Court accepts all well-pled allegations as true and views them most favorably to Clark. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

That tenant disagreement is the subject of an eviction action in state court (the "Eviction Suit"). Gill is presiding over that case. And he "shut down" the Eviction Suit, forcing Clark to let the Cascios live at the Property rent free. (Doc. 26 at 3). Specifically, Gill ordered Clark to hire a lawyer, but he could not afford one. What's more, Gill (along with his judicial assistant) knew the Cascios and communicated with them ex parte.

Now in federal court, Clark seeks damages under 42 U.S.C. § 1983 and sues for conversion under state law. Defendants move to dismiss all claims.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Before beginning, the Complaint and Clark's filings still violate the Court's typography requirements. Local Rule 1.08(a)-(b). The Cascio's Motion flouts those demands too. What's more, their Motion is unsigned. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed.").

Compliance with the applicable rules is not optional—even for pro se parties. *E.g.*, *Williams v. Jacksonville Sheriff's Office*, No. 3:21-cv-994-MMH-JRK, 2021 WL 4943705, at *1 (M.D. Fla. Oct. 22, 2021). The Court already warned Clark about these shortcomings. (Doc. 15 at 1-2). Any future filings must comply with all procedural requirements.

Having addressed that, the Court turns to the merits.

**A. Count 1**

Stobel moves to dismiss Clark's due process claim. Count 1 essentially rests on two contentions: (1) Stobel engaged in UPL then improperly resolved a legal dispute; and (2) Stobel forced Clark to leave the Shop and barred Clark from unloading goods there.

From the get-go, Clark's contentions on UPL are nonstarters. The Court must construe the Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean the Court must accept conclusory statements and legal conclusions as true. *E.g.*, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). As to UPL, Clark offers no supporting facts or context. This leaves the Court guessing on how Clark believes Stobel (a police officer) engaged in UPL during a call to the Property. What's more, it seems Clark tries to bring an improper UPL damages claim. "To state a cause of action for damages under any legal theory that arises from" UPL, "the pleading must state that [the Florida Supreme Court] has ruled that

4

the specified conduct at issue constitutes" UPL. *Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905, 907 (Fla. 2010). Clark has not done so. Even leaving that aside, Count 1 still fails.

Clark sues Stobel under § 1983. To succeed, Clark needs to show Stobel violated a constitutional right. *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). It is clear Clark relies on the Fourteenth Amendment, but he does not specify if Count 1 rests on substantive or procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1556-57 (11th Cir. 1994) (explaining difference). As pled, neither provides an avenue for success.

First, substantive due process is easy to tackle. This concept protects only fundamental rights. *Id.* at 1556. When state law creates substantive rights, they "are not subject to substantive due process protection under the Due Process Clause." *Lewis v. Brown*, 409 F.3d 1271, 1272-73 (11th Cir. 2005) (citation omitted). The reason is simple: "substantive due process rights are created only by the Constitution." *Id.* (citation omitted). While vital to American life, property rights are largely creatures of state law (i.e., they aren't "fundamental"). *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Dekalb Stone, Inc. v. Cnty. of DeKalb, Ga.*, 106 F.3d 956, 959 n.6 (11th Cir. 1997). Because Count 1 relies on state-law property rights, Clark has not stated a substantive due process claim. *E.g.*, *Kentner v. City of Sanibel*, 750 F.3d 1274, 1279-80 (11th Cir. 2014).

5

To the extent that Clark contends his contract rights are fundamental, the Court disagrees. Long gone are the days of *Lochner*-era economic due process, which might support Clark's position. *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2328 (Thomas, J., dissenting). For nearly a century, courts recognized the right to contract (along with the entitlement to enforce one) is not fundamental. *W. Coast Hotel Co. v. Parrish*, 300 U.S. 379, 392 (1937).[3]

Second, procedural due process fares no better. To be sure, property and contract rights may be interests protected by the Due Process Clause. *See, e.g.*, *Parfitt v. Llorens*, No. 2:19-cv-727-FtM-38NPM, 2020 WL 3452225, at *2 (M.D. Fla. June 23, 2020) (citing *Roth*, 408 U.S. at 676-77). Still, procedural due process violations don't arise "until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1238-39 (11th Cir. 2003). To determine if constitutional violations occurred, courts ask "what process the State provided, and whether

---

[3] *See also Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) ("State-created rights such as [plaintiff's] contractual right to promotion do not rise to the level of 'fundamental' interests protected by substantive due process."); *Dodd v. City of Chattanooga, Tenn.*, 846 F.3d 180, 187 (6th Cir. 2017); *Local 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL-CIO v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994); *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000); *Huang v. Bd. of Governors of Univ. of. N.C.*, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990); *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 192 (7th Cir. 1996). While some cases cite *Roth* for the opposite proposition, they are mistaken. *Roth* only concerned the *procedural* due process rights guaranteed by a contract. Substantive due process was not at issue. Nor did *Roth* say anything about a fundamental right to contract. Rather, the Court made an unexceptional statement that individuals have liberty interests in contract protected by *procedural* due process.

it was constitutionally adequate." *Zinermon*, 494 U.S. at 126; *Foxy Lady*, 347 F.3d at 1236. If state law provides an adequate remedy, a federal procedural due process claim fails. *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000); *Foxy Lady*, 347 F.3d at 1238-39.

Florida provides Clark a possible remedy against Stobel. He could bring a state takings claim. *See Fla. Fish & Wildlife Conservation Comm'n v. Daws*, 256 So. 3d 907, 912 (Fla. Dist. Ct. App. 2018); *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 949-50 (11th Cir. 2018).[4]

That cause of action for damages may exist "when the government has denied a landowner all use of his property on a temporary basis." *Daws*, 256 So. 3d at 914 (cleaned up). If Clark could not get money damages, he could perhaps seek an injunction. *See Diefenderfer v. Forest Park Springs*, 599 So. 2d 1309, 1313-14 (Fla. Dist. Ct. App. 1992); *DiChristopher v. Bd. of Cnty. Comm'rs*, 908 So. 2d 492, 496-98 (Fla. Dist. Ct. App. 2005). And even if this route would not provide all the relief available under § 1983, that is beside the point. *Cotton*, 216 F.3d at 1331. A state procedure need only "correct whatever deficiencies exist and to provide plaintiff with whatever process is due." *Id.* Clark's possible claim offers the process due. Even though Clark did not

---

[4] *See also City of Fort Lauderdale v. Hinton*, 276 So. 3d 319, 327 (Fla. Dist. Ct. App. 2019); *Teitelbaum v. S. Fla. Water Mgmt. Dist.*, 176 So. 3d 998, 1003 (Fla. Dist. Ct. App. 2015); *Palermo v. Brevard Cnty.*, No. 6:20-cv-2217-PGB-DCI, 2021 WL 3015259, at *2-3 (M.D. Fla. May 24, 2021).

pursue this state remedy, the failure doesn't help his cause. *Id.* Instead, the existence of the remedy is what matters. *Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1300 (11th Cir. 2000) (explaining the *McKinney* rule in detail). Because Clark had an adequate state remedy, he has no procedural due process claim.

So Count 1 fails.

**B. Count 2**

Next, Clark sues Gill—a state-court judge—for damages over Gill's conduct during the Eviction Suit. Not much discussion is necessary. Gill's Motion offers several reasons to dismiss Count 2. But there is no need to get past the first: judicial immunity. *See Murphy v. Stacy*, 809 F. App'x 677, 681-82 (11th Cir. 2020).

Judges are seldom liable for § 1983 damages based on their rulings. *E.g.*, *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity."). Typically, "immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Two questions decide "whether judges enjoy absolute immunity: (1) did the judge deal with the plaintiff in her judicial capacity; and, if yes, (2) did the judge act in the clear absence of all jurisdiction." *Murphy*, 809 F. App'x at 682 (cleaned up); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). On

8

these allegations, it is clear Gill has immunity. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (explaining test in detail).

First, it is unclear whether Clark alleges Gill acted outside his judicial capacity. Most of the allegations relate to obvious judicial functions (i.e., interpreting law and ruling on issues in a case before the judge). But even those less clear matters—like the allegations on ex parte communication or knowing the Cascios—cannot save Clark's claim. *E.g., Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (noting "even a judge who is approached as a judge by a party and conspires with such party to violate another party's federal constitutional rights is properly immune from a damage suit brought under section 1983" (cleaned up)).[5] In short, Gill acted within his judicial capacity.

Second, there is no indication Gill acted in the clear absence of jurisdiction. As the Court already noted, Florida's county and circuit courts "have exclusive jurisdiction over" residential eviction actions. (Doc. 15 at 2) (citing statute and collecting cases). In other words, even if Gill somehow lacked jurisdiction, the issue would be far from clear. *See Stevens v. Osuna,*

---

[5] *See also Fake v. City of Phila.*, 704 F. App'x 214, 217 (11th Cir. 2017) ("Nor would judicial immunity be lost even if some of the defendants, as [plaintiff] suggests, engaged in improper favoritism or ex parte communications."); *Woodworth v. Hulshof*, 891 F.3d 1083, 1093 (8th Cir. 2018); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *Guttman v. Silverberg*, 167 F. App'x 1, 4-5 (10th Cir. 2005); *Knezevich v. Ptomey*, No. 17-10033-CIV-MARTINEZ/AOR, 2018 WL 10436298, at *4 (S.D. Fla. Feb. 1, 2018).

877 F.3d 1293, 1306-07 (11th Cir. 2017) (The "'scope of a judge's jurisdiction must be construed broadly': a judge is not deprived of immunity merely because he acts in excess of his authority" (quoting *Stump*, 435 U.S. at 356-57)).

So Count 2 does not state a claim.

**C. Count 3**

Finally, Clark sues Defendants for conversion of his real property (i.e., the Shop). As to all Defendants, however, the claim cannot stand. In Florida, "real property cannot be the subject of conversion." *Am. Int'l Land Corp. v. Hanna*, 323 So. 2d 567, 569 (Fla. 1975) (citing *Quitman Naval Stores v. Conway*, 63 Fla. 253 (1912)). Since conversion only applies to taking personal property, "real property cannot be converted." *See Palm Beach Fla. Hotel v. Nantucket Enters., Inc.*, 211 So. 3d 42, 45-46 (Fla. Dist. Ct. App. 2016).

To the extent that Clark relies on 18 U.S.C. § 241, he cannot state a claim. That is a criminal statute, which provides no private cause of action for civil litigants. *Laster v. CareConnect Health, Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021); *Corpus v. Depass*, No. 2:18-cv-665-FtM-29NPM, 2020 WL 4260980, at *2 (M.D. Fla. July 24, 2020). Likewise, if Clark offers a contract theory to support his conversion claim, such an effort falls short. When the parties have a contractual relationship, "conversion must go beyond, and be independent from, a failure to comply with the terms of a contract." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 2008). Simply put, "a

10

plaintiff may not circumvent the contractual relationship by bringing an action in tort." *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494-95 (Fla. Dist. Ct. App. 1994).

So the Court dismisses Count 3. Given that ruling, Clark's Motion to Strike fails. That Motion was procedurally improper anyway. Fed. R. Civ. P. 12(f) (allowing a court to strike certain things "from a pleading"); Fed. R. Civ. P. 7(a)-(b) (identifying differences between pleadings and motions).

**D. Conclusion**

In sum, the Court must dismiss all three claims. In an abundance of caution, however, the Court affords Clark a chance to amend. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). In the meantime, the Court encourages Clark to get an attorney or—at a minimum—consult the District's Guide for Proceeding Without a Lawyer.[6] As a result of this ruling, the Court denies Gill's Motion to Stay as moot.

Accordingly, it is now

**ORDERED:**

1. The Clerk is **DIRECTED** to **CORRECT** the spelling of Gill and Connor Cascio's first names. The spellings in this Order's case caption are correct.

---

[6] *Available at*, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

11

2. Defendant Zachary Gill's Motion to Dismiss (Doc. 27) is **GRANTED**.

3. Defendant Raymond Stobel's Amended Motion to Dismiss (Doc. 31) is **GRANTED**.

4. Defendants Connor and Samantha Cascio's Motion to Dismiss (Doc. 37) is **GRANTED**.

5. Counts 1, 2, and 3 are **DISMISSED without prejudice**.

6. Plaintiff Noel Clark's Motion to Strike Defendants Cascio's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 45) is **DENIED**.

7. Gill's Motion to Stay Preliminary Pretrial Conference (Doc. 49) is **DENIED as moot**.

8. Clark must **FILE** an amended complaint **on or before February 18, 2022**. **If Clark does not file an amended complaint, this case will be closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 4, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record