UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR.,

    Plaintiff,

v.                                         Case No.:   2:21-cv-811-SPC-NPM

CONNOR CASCIO, SAMANTHA
CASCIO, RAYMOND R. STOBEL
and ZACHARY GILL,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is pro se Plaintiff Noel Clark's Response (Doc. 52) to Defendant Zachary Gill's Motion to Dismiss (Doc. 27). There are two glaring issues with Clark's filing.

Most notably, it is late, and the Court already granted Gill's Motion. (Doc. 51) (the "Order"). As the Order explained, Clark got two extensions of time to respond to the Motion. His deadline passed on January 28. Yet there was no filing until February 7—when the Clerk received the Response by mail. Fed. R. Civ. P. 5(d)(2)(A) ("A paper not filed electronically is filed by delivering

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

it . . . to the clerk.").[2] Even if the Court applied the three-day mailing extension (to which Clark was not entitled), the Response was a week late. Fed. R. Civ. P. 6(d).[3] To be sure, Clark is pro se. That said, "Liberal construction does not mean liberal deadlines." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325-26 (11th Cir. 2001) (citation omitted). Because Clark did not respond in time, the Court need not consider the Response. Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").[4]

Even if the Court forgave the untimely filing, Clark's Response changes nothing. The Order explained why the Complaint failed. And nothing in the Response alters that conclusion. So there is no need to reconsider even if the Court could somehow liberally construe this as a motion for reconsideration.

In short, the Court will take no action on the Response. It will, however, again encourage Clark to get a lawyer or—at a minimum—consult the

---

[2] *See, e.g.*, *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) ("The cases uniformly hold that a document is deemed filed when actually received by the clerk of the court and not when some other processing event occurs."); *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001).

[3] *See, e.g.*, *Bacon v. Stiefel Laboratories, Inc.*, 714 F. Supp. 2d 1186, 1189 n.1 (S.D. Fla. 2010) (explaining three-day extension does not apply to date certain deadlines set by courts); *SEC v. Harman Wright Grp., LLC*, 777 F. App'x 276, 277-78 (10th Cir. 2019) (same).

[4] *See, e.g.*, *Mosley v. MeriStar Mgmt. Co.*, 137 F. App'x 248, 250 (11th Cir. 2005) (holding it was not error to strike an untimely response to summary judgment filed without explanation for tardiness); *Pollo Campestre, S.A. de C.V. v. Campero, Inc.*, No. 19-20001-Civ-SCOLA/TORRES, 2019 WL 3752575, at *3 (S.D. Fla. Aug. 8, 2019).

District's Guide for Proceeding Without a Lawyer.[5] If Clark chooses to represent himself, the Court expects him to comply with all procedural rules, including any deadlines set by the Court. As a reminder, the Order set a deadline of February 18, 2022, for Clark to file an amended complaint. (Doc. 51 at 12). And—again—"**If Clark does not file an amended complaint, this case will be closed without further notice**." (Doc. 51 at 12). In other words, the Order will become a final judgment, and Clark will lose. *Auto. Alignment & Body Servs., Inc. v. State Farm*, 953 F.3d 707, 719-20 (11th Cir. 2020) (The "order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires.").

Accordingly, it is now **ORDERED:**

1. The Court will take **NO ACTION** on Plaintiff's Response and Opposition to Zachary Gill's Motion to Dismiss (Doc. 52).

2. **This Order does not impact any case deadlines**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 8, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[5] *Available at,* https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.