UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR.,

    Plaintiff,

v.     Case No.:  2:21-cv-811-SPC-NPM

CONNOR CASCIO, SAMANTHA CASCIO, RAYMOND R. STOBEL and ZACHARY GILL,

    Defendants.
_____/

# ORDER[1]

Before the Court is pro se Plaintiff Noel Clark's Notice of Voluntary Dismissal (Doc. 66).  The Court liberally construes Clark's filings.  *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).

The Notice applies to all Clark's claims against Defendants Raymond Stobel, Judge Zachary Gill, and Connor and Samantha Cascio.  But this is a bit more involved than a typical voluntary dismissal.  While the Notice applies to Stobel and Gill, it's not effective against the Cascios.  Still, the Court agrees dismissal of this entire action without prejudice is proper.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

As to Stobel and Gill, the Notice works because they neither answered nor moved for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). This dismissal is effective upon filing and requires no further action by the Court. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). It makes no difference the Notice applies only to Stobel and Gill. *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) (The "Rule 41(a) notice or motion can be effected against less than all of the defendants.").[2] What matters is Clark dismissed his whole *action* as to those parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018). So the Notice is effective in part: Clark dismissed the action against Stobel and Gill without prejudice.

On the other hand, the Notice is inapplicable against the Cascios because they answered. (Doc. 10); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016). So the only way for Clark to dismiss under Rule 41(a)(1) is through a stipulation signed by the Cascios. Fed. R. Civ. P. 41(a)(1)(A)(ii). Yet they didn't sign the Notice. Nor does anything in the filing allow the Court

---

[2] *See also Williams v. Seidenbach*, 958 F.3d 341, 344-45 (5th Cir. 2020) (en banc) ("But our circuit precedents interpret 'action' to cover individual defendants—thus allowing plaintiffs . . . to use Rule 41(a) to dismiss individual defendants."); *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1226-27 (11th Cir. 2020); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1105 (11th Cir. 2004); *Walker v. Home Point Fin. Corp.*, No. 8:21-cv-1916-KKM-AAS, 2021 WL 5368863, at *1-3 (M.D. Fla. Nov. 18, 2021) (explaining possible tension in binding precedent); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. April 2022 update). *But see, e.g.*, *Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015) (holding Rule 41(a) dismissals are an all-or-nothing proposition).

to infer an argument for a Rule 41(a)(2) dismissal. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1105 (11th Cir. 2004). Still, considering the circumstances, the Court can dismiss Clark's claims against the Cascios.

By dismissing the claims against Stobel and Gill, Clark dropped his federal claims—leaving only a state-law contract dispute with the Cascios. He was free to do so. *See, e.g.*, *Perry*, 891 F.3d at 958. Yet when (as here) all federal claims are dismissed pretrial, the Court may sua sponte decline supplemental jurisdiction. 28 U.S.C. § 1367(c); *Miller v. City of Fort Myers*, 424 F. Supp. 3d 1136, 1152-53 (M.D. Fla. 2020). In these circumstances, the Eleventh Circuit "strongly encourages" district courts to decline supplemental jurisdiction. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). Typically, courts also consider "concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005).

After review, the Court employs its discretion and declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). If the Court must consider the so-called *Gibbs*[3] factors, they do not favor keeping the remaining claim. *See Sutherland v. Global Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (holding a district court need not even consider those factors when discharging

---

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

3

under § 1367(c)(3)); 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d ed. Apr. 2022 update) (explaining confusion on applicability of *Gibbs* factors).

First, judicial economy weighs against exercising supplemental jurisdiction. Judicial economy is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

Second, convenience points to retaining jurisdiction. The Eleventh noted, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum." *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 539 (11th Cir. 2015).

Third, fairness considerations do not favor jurisdiction here. Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Id.* Unlike a regular refusal of supplemental jurisdiction, Clark actually wants his claim dismissed. What's more, this case is only six months old. And little to nothing happened here to warrant keeping it. *See Rodriguez v. Page Mech. Grp. Inc.*, No. 2:20-cv-926-SPC-NPM, 2021 WL 1741018, at *1-2 (M.D. Fla. Mar. 10, 2021).

And fourth, comity cuts against exercising supplemental jurisdiction. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by

4

procuring for them a surer-footed reading of applicable law.'" *Ameritox*, 803 F.3d at 539 (quoting *Gibbs*, 383 U.S. at 726).

At bottom, the above weighs against exercising supplemental jurisdiction. So the Court declines it and dismisses without prejudice. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 20, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record